## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**STEPHEN TYLER,**

      **Plaintiff,**

**v.**                                  **Case No.:**

**POWER HOME SOLAR LLC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Stephen Tyler, by and through undersigned counsel, herby sues Defendant, Power Home Solar LLC, and in support of states as follows:

## NATURE OF ACTION

1.    This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4.      Plaintiff is a resident of Hillsborough County, Florida.

5.      Plaintiff worked for Defendant in Hillsborough County, Florida.

6.      Defendant is a foreign limited liability company.

7.      At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8.      Plaintiff is considered an "employee" within the meaning of Title VII.

9.      Defendant is considered an "employer" within the meaning of Title VII.

## PROEDURAL REQUIREMENTS

10.     Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC").

2

11.    The EEOC issued a "Dismissal and Notice of Rights" letter on October 05, 2021 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

12.    This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

## STATEMENT OF FACTS

13.    Plaintiff is a black male.

14.    On or about April 9, 2020 Plaintiff began employment with Defendant as a solar development advisor.

15.    On or about August 15, 2020, Plaintiff was promoted to trainer.

16.    On or about November 5, 2020, Plaintiff received a text message from a co-worker, Daniella Alves ("Ms. Alves"), stating that Ms. Alves believed that she was being discriminated against by her supervisor Richard Manfredi ("Ms. Manfredi") because of her race and national origin.

17.    Plaintiff reported and opposed the discrimination of Ms. Alves by Mr. Manfredi to Mr. Manfredi's supervisor, Lee Stouch ("Mr. Stouch").

18.    Plaintiff received no response from Mr. Stouch regarding his report of and opposition to the discrimination of Ms. Alves and no corrective action was taken.

19.    Shortly thereafter, on or about November 13, 2020, Plaintiff was demoted by Mr. Manfredi and Mr. Stouch.

20.    Plaintiff's replacement was a white female.

21.    After the retaliatory demotion, Mr. Manfredi confronted Plaintiff and told him that Defendant had heard that he, Plaintiff, was saying "bad things" about the Defendant.

22.    After the retaliatory demotion, Plaintiff contacted Hope Branch ("Ms. Branch") in Human Resources to file a complaint regarding the discrimination and retaliatory demotion.

23.    Ms. Branch took no corrective action and told Plaintiff that he could file a complaint with Mr. Manfredi and/or Mr. Stouch; the very people that retaliated against him.

24.    Plaintiff did file a complaint regarding the retaliatory demotion with Mr. Manfredi, but received no response and no corrective action was taken.

25.    Shortly thereafter, on or about December 13, 2020, Plaintiff was confronted by Mr. Manfredi and Mr. Stouch with a disciplinary action regarding his performance metrics allegedly needing improvement, despite his performance metrics being at or above other similarity situated non-black co-workers.

26.    On or about December 29, 2020, Plaintiff was allegedly terminated for the aforementioned performance metrics despite his performance metrics still being at or above other similarity situated non-black co-workers.

27.    Further, Plaintiff was also not afforded the same progressive disciplinary policy afforded to other similarity situated non-black co-workers

28.    Plaintiff has satisfied all conditions precedent, or they have been waived.

29.    Plaintiff has retained the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in Violation of Title VII

30.    All allegations prior to Count I are realleged and incorporated herein.

31.    Plaintiff is a black male.

32.    Defendant treated Plaintiff differently than similarly situated non-black employees of Defendant by, *inter alia*, subjecting Plaintiff to different treatment with regard to performance metrics and Defendant's progressive disciplinary policy, and by unlawfully terminating Plaintiff.

33.    As a direct and proximate cause of Defendant's unlawful treatment of Plaintiff, including his unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Retaliation in Violation of Title VII

34.     All allegations prior to Count I are reallaged and incorporated herein.

35.     Plaintiff engaged in protected activity by filing several complaints regarding discrimination and retaliation with Defendant during his employment.

36.     Defendant took an adverse employment action by unlawfully demoting and unlawfully terminating Plaintiff.

37.     Plaintiff's protected activity was the reason that Defendant took the adverse employment actions against Plaintiff.

38.     As a direct and proximate cause of Defendant's unlawful demotion and unlawful  termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this <u>28th</u> day of December, 2021 by:

<u>/s/ Jason B. Woodside</u>
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email:Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*
